IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                               No. CR 11-0905 JB

EDUARDO HERNANDEZ-MEJIA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the Sentencing Memorandum in Support of 18 U.S.C. § 3553(a) Variance, filed November 7, 2011 (Doc. 41)("Defendant's Memo"); and (ii) the United States' Sentencing Memorandum, filed December 12, 2011 (Doc. 45)("Govt's Memo"). The Court held a sentencing hearing on December 12, 2011. The primary issues are: (i) whether a sentence within the advisory guideline range is appropriate for Defendant Eduardo Hernandez-Mejia; and (ii) if not, whether the Court should vary downward to a sentence of 120-months imprisonment. The Court will grant in part and deny in part the request in the Defendant's Memo and will deny the request in the Govt's Memo. The Court will sentence Hernandez-Mejia to 132-months imprisonment.

## PROCEDURAL BACKGROUND

On October 12, 2005, a federal grand jury returned a ten-count Superseding Indictment charging Hernandez-Mejia with conspiring to distribute heroin and cocaine, distributing cocaine, attempting to evade currency-reporting requirements, running an unlicensed money-transmitting operation, and using a telephone to facilitate the drug-distribution conspiracy. See United States v. Hernandez-Mejia, No. CR 05-0469, Superseding Indictment, filed October 12, 2005 (Doc. 153).

Hernandez-Mejia exercised his right to trial and was tried before a jury in April 2008 on the eight remaining counts in the Superseding Indictment. After a four-day trial, the jury found Hernandez-Mejia guilty on all the counts submitted to the jury, save for Count Seven, which the Court instructed the jury not to address. See United States v. Hernandez-Mejia, No. CR 05-0469, Verdict, entered April 10, 2008 (Doc. 450); United States v. Hernandez-Mejia, No. CR 05-0469, Order and Judgment at 14 (Doc. 538-1). On December 1, 2008, the Court sentenced Hernandez-Mejia to 178 months in the custody of the Bureau of Prisons. See United States v. Hernandez-Mejia, No. CR 05-0469, Memorandum Opinion and Order (D.N.M. January 12, 2009)(Doc. 497)("Sentence"). In an earlier Memorandum Opinion and Order, the Court determined that Hernandez-Mejia's criminal history category should be II, because a criminal history category of III over-represented the seriousness of his criminal history. See United States v. Hernandez-Mejia, No. CR 05-0469, Memorandum Opinion and Order at 25-28 (D.N.M. January 12, 2009)(Doc. 494)("MOO").

On July 7, 2009, Hernandez-Mejia appealed the Court's decision denying his motion to dismiss for violation of his Speedy Trial rights. See United States v. Hernandez-Mejia, No. CR 05-0469, Notice of Appeal, filed July 7, 2009 (Doc. 508). On February 2, 2011, the United States Court of Appeals for the Tenth Circuit issued an Order and Judgment on Hernandez-Mejia's appeal of the Court's denial of Hernandez-Mejia's motion to dismiss. See United States v. Hernandez-Mejia, No. CR 05-0469, Order and Judgment (Doc. 538-1). The Tenth Circuit reversed the Court's denial, and remanded this action to the Court to determine, in accordance with 18 U.S.C. § 3162(a)(2), whether the dismissal of the Superseding Indictment filed in October 2005 should be with or without prejudice. See Order and Judgment at 2. The Court dismissed the Superseding Indictment without prejudice. See United States v. Eduardo Hernandez-Mejia, No. CR 05-0469, Memorandum Opinion

and Order (D.N.M. March 30, 2011)(Doc. 544).

On April 13, 2011, a federal grand jury indicted Hernandez-Mejia on seven counts, including: (i) conspiracy to distribute and possess with intent to distribute 1 kilogram and more of a mixture and substance containing a detectable amount of heroin and less than 500 grams of a mixture and substance containing a detectable amount of cocaine in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A) & (C); (ii) knowingly and intentionally distributing less than 500 grams of a mixture or substance containing a detectable amount of cocaine in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A) & (C); and (iii) knowingly and intentionally using a communication facility, that is a telephone, to facilitate the conspiracy on five occasions. See Redacted Indictment, filed April 13, 2011 (Doc. 8). On June 21, 2011, Hernandez-Mejia pled guilty to the Indictment. See Clerk's Minutes at 1, filed June 21, 2011 (Doc. 34).

On August 25, 2011, the United States Probation Office ("USPO") disclosed a Presentence Investigation Report for Hernandez-Mejia. On October 18, 2011, the USPO re-disclosed the Presentence Investigation Report ("PSR"). The PSR calculates Hernandez-Mejia's base offense level as 32, based on 2,551.5 grams of heroin and 16.6 grams of cocaine. See PSR ¶ 93, at 31. The USPO applies a 2-level enhancement, pursuant to U.S.S.G. § 2D1.1(b)(1), because he possessed a dangerous weapon in the course of the offense. See PSR ¶ 94, at 31. The USPO also applies a 3-level enhancement, pursuant to U.S.S.G. § 3B1.1, because Hernandez-Mejia was a organizer, leader, manager, or supervisor in the offense. See PSR ¶ 97, at 31-32. Hernandez-Mejia received a 3-level reduction, pursuant to U.S.S.G. § 3E1.1, for acceptance of responsibility. See PSR ¶ 100, at 32. Accordingly, the total offense level is 34. The USPO calculates that Hernandez-Mejia has a criminal history category of III, based on 4 criminal history points. See PSR ¶ 106, at 33. As to Count 1, based on a total offense level of 34 and criminal history category of III, the guideline

imprisonment range is 188 to 235 months. See PSR ¶ 131, at 40. As to Count 2, the guideline imprisonment range is 188 to 235 months. See PSR ¶ 131, at 40. As to Counts 3 to 7, the guideline imprisonment range is 48 months, because the statutory maximum is four years. See PSR ¶ 131, at 40.

Hernandez-Mejia asks the Court for a 120-month sentence and to recommend against deportation. See Defendant's Memo at 1. He asserts that his crime was a non-violent offense and that a ten-year sentence adequately reflects the seriousness of his crime. See Defendant's Memo at 2-4. Plaintiff United States of America asks that the Court sentence Hernandez-Mejia to no less than 188-months incarceration. See Govt's Memo at 1. The United States argues that Hernandez-Mejia's "personal characteristics, mental and physical health are unremarkable." Govt's Memo at 7.

On December 12, 2011, the Court held a sentencing hearing. At the sentencing hearing, the United States did not oppose, consistent with the Court's opinion in the prior case, reducing Hernandez-Mejia's criminal history category to II. See Transcript of Hearing at 3:25-4:3 (December 12, 2011)(Martinez)("Tr.").[1] The United States then moved for the third-level reduction for acceptance of responsibility. See Tr. at 4:16-18 (Martinez). Hernandez-Mejia asserted that, since this case began, he has spent seven years in incarceration. See Tr. at 5:1-12 (Bustamante). He argued that his family has left him and emphasized that he accepts responsibility. See Tr. at 5:13-6:23 (Bustamante). The Court stated that it rejected 121 months during the previous sentencing as too low and that it was concerned about sentencing him to less than other defendants in the case. See Tr. at 8:12-9:9 (Court). Hernandez-Mejia responded that he has now accepted responsibility and doing so should entitle him to some variance from where the Court sentenced him before.

---

[1]The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

See Tr. at 9:10-10:2 (Bustamante). The United States argued that, looking at Hernandez-Mejia's criminal history and the amount of drugs involved in this case, a sentence of 188 months was a reasonable sentence. See Tr. at 10:24-12:16 (Martinez). The Court stated that, in its previous sentencing opinion, it noted that a co-Defendant, Joaquin Coroneles, received 132 months and that the difference between Coroneles and Hernandez-Mejia was the acceptance of responsibility. See Tr. at 12:17-13:11 (Court). Hernandez-Mejia argued that he was less culpable than Coroneles. See Tr. at 15:3-9 (Bustamante).

## ANALYSIS

The Court has carefully reviewed the PSR's factual findings. There not being any disputes about those findings, the Court will adopt them as its own. The Court has also considered the sentencing guideline applications. There not being any objections to those, the Court will adopt them as its own as well. The Court then considered the factors set forth in 18 U.S.C. § 3553(a). As to Counts 1 and 2 of the Indictment, the offense level is 34 and the criminal history category begins at III, which establishes a guideline imprisonment range of 188 to 235 months. As to Counts 3 to 7, because the statutory maximum is four years, the guideline imprisonment range is 48 months.

As the Court indicated when it first sentenced Hernandez-Mejia in 2008, pursuant to U.S.S.G. § 4A1.3(b)(1), the Court finds that a departure is warranted, because Hernandez-Mejia's criminal history category of III significantly over-represents his criminal history. The Court incorporates its discussion of this issue from its previous MOO. See MOO at 25-28. Accordingly, an offense-level of 34 with a criminal history category of II establishes a guideline imprisonment range of 168 to 210 months. The Court notes that Hernandez-Mejia is one of eleven defendants who participated in a large-scale drug conspiracy. He is accountable for his knowledge, possession, and intent to distribute 2,551.5 grams of heroin and 16.6 grams of cocaine.

The Court has carefully considered the guidelines, but in arriving at its sentence has taken account not only of the guidelines but other sentencing goals. Specifically, the Court has considered the guideline sentencing range established for the applicable category of offense committed by the applicable category of defendant. After such consideration, the Court believes that the punishment set forth in the guidelines is not appropriate for this sort of offense. The Court then considered the kinds of sentences and ranges established by the guidelines, and the Court believes that a sentence of 132 months is appropriate. The Court continues to believe that any sentence above the statutory minimum, of ten years or 120 months, reflects the seriousness of the offense. The Court considered whether it should sentence higher than the mandatory minimum in 2008 and the Court continues to believe that the mandatory minimum is too lenient a sentence in this case. His crime was a major drug conspiracy, and Hernandez-Mejia played a large role in it through his repeated illegal conduct. While the Court believes that a just sentence is around the same sentence that Coroneles received, 132-months imprisonment, the Court does not believe that there are any factors which would persuade the Court to sentence Hernandez-Mejia closer to that statutory minimum. The Court believes that to promote respect for the law there needs to be parity between the sentences of Coroneles and Hernandez-Mejia, because, although they played different roles, they both played extensive roles. When the Court sentenced Hernandez-Mejia, the Court varied from a low end sentence of 235 months to a 178-month sentence. See Sentence at 12, 16. There, the Court found the following factors justified a variance: (i) that the crime was non-violent; (ii) that Hernandez-Mejia was a manager, rather than a leader or organizer; (iii) that the guidelines range overstated the seriousness of the offense; and (iv) that the enhancement under U.S.S.G. § 2D1.1, although applicable, was excessive in light of the fact that there was no evidence that Hernandez-Mejia ever carried the gun during his numerous drug deals. See Sentence at 8-13. The Court also emphasized

that, to avoid unwarranted sentencing disparities, Coroneles and Hernandez-Mejia should receive "similar sentences." Sentence at 14. The Court finds that its previous justifications for varying remain applicable and, now that Hernandez-Mejia has accepted responsibility for his crimes, the Court believes that Coroneles and Hernandez-Mejia should receive the same sentence.

The Court believes that a 132-month total sentence provides just punishment, affords adequate deterrence, protects the public, and avoids unwarranted sentencing disparities among defendants with similar records who have been convicted of similar conduct. The Court believes that a sentence of 132-months imprisonment fully and effectively reflects each of the 18 U.S.C. § 3553(a) factors. While the Court's task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court's job is not to impose a reasonable sentence. Rather, a district court's mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." (citation omitted)) -- the Court believes this sentence is reasonable. Finally, the Court believes that this sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.). The Court sentences Hernandez-Mejia to 132-months imprisonment for Counts 1 and 2, with those terms to run concurrently. With respect to Counts 3 through 7, the Court sentences Hernandez-Mejia to 48-months imprisonment, with those terms to run concurrently with the terms of imprisonment imposed for Counts 1 and 2, pursuant to U.S.S.G. § 5G1.1.

**IT IS ORDERED** that: (i) the request in the Sentencing Memorandum in Support of 18 U.S.C. § 3553(a) Variance, filed November 7, 2011 (Doc. 41), is granted in part and denied in part;

and (ii) the request for a 188-month sentence in the United States' Sentencing Memorandum, filed December 12, 2011 (Doc. 45), is denied. The Court sentences Defendant Eduardo Hernandez-Mejia to 132-months imprisonment.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Kenneth J. Gonzales
  United States Attorney
Damon P. Martinez
Sean J. Sullivan
  Assistant United States Attorneys
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Edward O. Bustamante
Albuquerque, New Mexico

*-- and --*

Scott Moran Davidson
Albuquerque, New Mexico

    *Attorneys for the Defendant*