# UNITED STATES DISTRICT COURT
### District of New Mexico

| UNITED STATES OF AMERICA | Judgment in a Criminal Case |
|---|---|
| V. | |
| **Eduardo Hernandez-Mejia** <br> **a/k/a "Lalo"** | (For Offenses Committed On or After November 1, 1987) <br> Case Number: **1:11CR00905-001JB** <br> USM Number: **31477-051** <br> Defense Attorney: **Edward Bustamante, Appointed** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **1 through 7 of Indictment**
☐ pleaded nolo contendere to count(s)  which was accepted by the court.
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 21 U.S.C. Sec. 846 | Conspiracy to Violate 21 U.S.C. Sec. 841(b)(1)(C) | 03/17/2005 | 1 |
| 21 U.S.C. Sec. 841(b)(1)(C) | Distribution of Less than 500 Grams of Cocaine | 11/22/2004 | 2 |

The defendant is sentenced as provided in pages 2 through **8** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☐ Count   dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**December 12, 2011**
Date of Imposition of Judgment

**/s/ James O. Browning**
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
Name and Title of Judge

**April 5, 2012**
Date Signed

Defendant: **Eduardo Hernandez-Mejia**
Case Number: **1:11CR00905-001JB**

# ADDITIONAL COUNTS OF CONVICTION

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 21 U.S.C. Sec. 843(b) | Use of a Telephone to Facilitate a Drug Trafficking Offense | 10/21/2004 | 3 |
| 21 U.S.C. Sec. 843(b) | Use of a Telephone to Facilitate a Drug Trafficking Offense | 10/31/2004 | 4 |
| 21 U.S.C. Sec. 843(b) | Use of a Telephone to Facilitate a Drug Trafficking Offense | 11/08/2004 | 5 |
| 21 U.S.C. Sec. 843(b) | Use of a Telephone to Facilitate a Drug Trafficking Offense | 11/22/2004 | 6 |
| 21 U.S.C. Sec. 843(b) | Use of a Telephone to Facilitate a Drug Trafficking Offense | 10/31/2004 | 7 |

Defendant: **Eduardo Hernandez-Mejia**
Case Number: **1:11CR00905-001JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **132 months**.

**A term of 132 months is imposed as to each of Counts 1 and 2. A term of 48 months, pursuant to 5G1.1, is imposed as to each of Counts 3 through 7; said terms shall run concurrently, for a total term of 132 months.**

The Court incorporates by reference the discussion and analysis in its Memorandum Opinion and Order, filed April 5, 2012 (Doc. 49)("MOO"). On April 13, 2011, a federal grand jury indicted Defendant Eduardo Hernandez-Mejia on seven counts, including: (i) conspiracy to distribute and possess with intent to distribute 1 kilogram and more of a mixture and substance containing a detectable amount of heroin and less than 500 grams of a mixture and substance containing a detectable amount of cocaine in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A) & (C); (ii) knowingly and intentionally distributing less than 500 grams of a mixture or substance containing a detectable amount of cocaine in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A) & (C); and (iii) knowingly and intentionally using a communication facility, that is a telephone, to facilitate the conspiracy on five occasions. See Redacted Indictment, filed April 13, 2011 (Doc. 8). On June 21, 2011, Hernandez-Mejia pled guilty to the Indictment. See Clerk?s Minutes at 1, filed June 21, 2011 (Doc. 34).

On August 25, 2011, the United States Probation Office ("USPO") disclosed a Presentence Investigation Report for Hernandez-Mejia. On October 18, 2011, the USPO re-disclosed the Presentence Investigation Report ("PSR"). The PSR calculates Hernandez-Mejia`s base offense level as 32, based on 2,551.5 grams of heroin and 16.6 grams of cocaine. See PSR ¶ 93, at 31. The USPO applies a 2-level enhancement, pursuant to U.S.S.G. § 2D1.1(b)(1), because he possessed a dangerous weapon in the course of the offense. See PSR ¶ 94, at 31. The USPO also applies a 3-level enhancement, pursuant to U.S.S.G. § 3B1.1, because Hernandez-Mejia was a organizer, leader, manager, or supervisor in the offense. See PSR ¶ 97, at 31-32. Hernandez-Mejia received a 3-level reduction, pursuant to U.S.S.G. § 3E1.1, for acceptance of responsibility. See PSR ¶ 100, at 32. Accordingly, the total offense level is 34. The USPO calculates that Hernandez-Mejia has a criminal history category of III, based on 4 criminal history points. See PSR ¶ 106, at 33. As to Count 1, based on a total offense level of 34 and criminal history category of III, the guideline imprisonment range is 188 to 235 months. See PSR ¶ 131, at 40. As to Count 2, the guideline imprisonment range is 188 to 235 months. See PSR ¶ 131, at 40. As to Counts 3 to 7, the guideline imprisonment range is 48 months, because the statutory maximum is four years. See PSR ¶ 131, at 40.

Hernandez-Mejia asks the Court for a 120-month sentence. Plaintiff United States of America asks that the Court sentence Hernandez-Mejia to no less than 188-months incarceration. The Court has carefully reviewed the PSR factual findings. There not being any disputes about those findings, the Court will adopt them as its own. The Court has considered the sentencing guideline applications, and there not being any objections to those, the Court will adopt them as its own as well. The Court has also considered the factors set forth in 18 U.S.C. § 3553(a). As to Counts 1 and 2 of the Indictment, the offense level is 34 and the criminal history category is III, which establishes a guideline imprisonment range of 188 to 235 months. As to Counts 3 to 7, because the statutory maximum is four years, the guideline imprisonment range is 48 months.

As the Court discussed in its MOO, pursuant to U.S.S.G. § 4A1.3(b)(1), the Court finds that a departure is warranted, because Hernandez-Mejia`s criminal history score significantly over-represents his criminal history. Accordingly, an offense-level of 34 with a criminal history category of II establishes a guideline imprisonment range of 168 to 210 months. The Court notes that Hernandez-Mejia is one of eleven defendants who participated in a large-scale drug conspiracy. He is accountable for his knowledge, possession, and intent to distribute 2,551.5 grams of heroin and 16.6 grams of cocaine.

The Court has carefully considered the guidelines, but in arriving at its sentence, has taken into account not only the guidelines, but other sentencing goals. Specifically, the Court has considered the guideline sentencing range established for the applicable category of offense committed by the applicable category of defendant. After such consideration, the Court concludes that the punishment set forth in the guidelines is not appropriate for this sort of offense. The Court then considered the kinds of sentences and ranges that the guidelines establish, and the Court believes that a sentence of 132 months is appropriate. The Court believes that any sentence above the statutory minimum, of ten years or 120 months, reflects the seriousness of the offense. The Court believes, however, that the mandatory minimum is too lenient a sentence in this case. This crime involved a major drug conspiracy, and Hernandez-Mejia played a large role in it through his repeated illegal conduct. While the Court believes that a just sentence is around the same sentence that his co-Defendant, Joaquin Coroneles, who also played an extensive role in the conspiracy, received

-- 132-months imprisonment -- the Court does not believe that there are any factors which would persuade the Court to sentence Hernandez-Mejia closer to the statutory minimum. The Court believes that, to promote respect for the law, there needs to be parity between the sentences of Coroneles and Hernandez-Mejia, because, although they played different roles, they both played extensive roles in the drug conspiracy. When the Court previously sentenced Hernandez-Mejia for this offense, in No. CR 09-0469 JB, the Court varied from a low end sentence of 235 months to a 178-month sentence. There, the Court found the following factors justified a variance: (i) that the crime was non-violent; (ii) that Hernandez-Mejia was a manager, rather than a leader or organizer; (iii) that the guidelines range overstated the seriousness of the offense; and (iv) that the enhancement under U.S.S.G. § 2D1.1, although applicable, was excessive in light of the fact that there was no evidence that Hernandez-Mejia ever carried the gun during his numerous drug deals. The Court also emphasized that, to avoid unwarranted sentencing disparities, Coroneles and Hernandez-Mejia should receive similar sentences. The Court finds that its previous justifications for varying remain applicable and, now that Hernandez-Mejia has accepted responsibility for his crimes, the Court believes that Coroneles and Hernandez-Mejia should receive the same sentence.

The Court believes that this sentence provides just punishment, affords adequate deterrence, protects the public, and avoids unwarranted sentencing disparities among defendants with similar records who have been convicted of similar conduct. The Court believes that a sentence of 132-months imprisonment fully and effectively reflects each of the 18 U.S.C. § 3553(a) factors. While the Court`s task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." (citation omitted)) -- the Court believes this sentence is reasonable. Finally, the Court believes that this sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.). The Court sentences Hernandez-Mejia to 132-months imprisonment for Counts 1 and 2, with those terms to run concurrently. With respect to Counts 3 through 7, the Court sentences Hernandez-Mejia to 48-months imprisonment, with those terms to run concurrently with the terms of imprisonment imposed for Counts 1 and 2, pursuant to U.S.S.G. § 5G1.1. Accordingly, the Court sentences Hernandez-Mejia to a total of 132-months incarceration.

☐ The court makes the following recommendations to the Bureau of Prisons:


☒ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant shall surrender to the United States Marshal for this district:
    ☐ at  on
    ☐ as notified by the United States Marshal.
☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐ before 2 p.m. on
    ☐ as notified by the United States Marshal
    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:



Defendant delivered on _____ to _____ at _____ with a Certified copy of this judgment.

_____
UNITED STATES MARSHAL

By

_____
DEPUTY UNITED STATES MARSHAL

Defendant: **Eduardo Hernandez-Mejia**
Case Number: **1:11CR00905-001JB**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **5 years unsupervised**.

**A term of 5 years is imposed as to Count 1; a term of 3 years is imposed as to Count 2; a term of 1 year is imposed as to each of Counts 3 through 7; said terms shall run concurrently, for a total term of 5 years.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable).
- ☒ The defendant shall cooperate in the collection of DNA as directed by statute. (Check, if applicable).
- ☐ The defendant shall register with the state, local, tribal and/or other appropriate sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Criminal Monetary Penalties sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

### STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

Defendant: **Eduardo Hernandez-Mejia**
Case Number: **1:11CR00905-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant must not reenter the United States without legal authorization.**

**Standard condition Nos. 5 and 13 shall not be imposed.**

Defendant: **Eduardo Hernandez-Mejia**
Case Number: **1:11CR00905-001JB**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.
☐　　　The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
|  | $700.00 | $0.00 | $0.00 |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.
Payment of the total fine and other criminal monetary penalties shall be due as follows:
The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.
A　　☒　In full immediately; or
B　　☐　$ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties:Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.