IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

vs.                                                                                     No. CIV 14-0731 JB/KBM
                                                                                    No. CR   11-0905 JB

EDUARDO HERNANDEZ-MEJIA,

    Defendant-Movant.

**MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** comes before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition, filed October 21, 2014 (Doc. 9)("PFRD").  The Court referred Defendant-Movant Eduardo Hernandez-Mejia's Motion to Vacate, Set Aside, or Correct Sentence, filed August 15, 2014 (Doc. 1)("Motion") to the Honorable Karen B. Molzen, Chief Magistrate Judge for the District of New Mexico, who recommends, in the PFRD, that the Court deny the Motion and dismiss Hernandez-Mejia's claims with prejudice.  Hernandez-Mejia filed a document, titled the Magistrate Judge Finding and Recommended Disposition/Movant Reply, filed November 3, 2014 (Doc. 11)("Objections"), which the Court construes as objections to the PFRD pursuant to 28 U.S.C. § 636(b)(1)(C).  The Court will overrule the Objections, accept the PFRD, deny the Motion, and dismiss Hernandez-Mejia's claims with prejudice.

**LAW REGARDING OBJECTIONS TO PROPOSED FINDINGS AND RECOMMENDATIONS**

District courts may refer dispositive motions to a magistrate judge for a recommended disposition.  See Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense . . . .").  Rule 72(b)(2) governs objections: "Within 14 days after

being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Finally, when resolving objections to a Magistrate Judge's proposal, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C).

"'The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.'" United States v. One Parcel of Real Property, with Buildings, Appurtenances, Improvements, and Contents, 73 F.3d 1057, 1059 (10th Cir. 1996)(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985))("One Parcel"). As the United States Court of Appeals for the Tenth Circuit has noted, "the filing of objections advances the interests that underlie the Magistrate's Act, including judicial efficiency." One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kan. Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

The Tenth Circuit has held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." One Parcel, 73 F.3d at 1060. "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, have

adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'" One Parcel, 73 F.3d at 1059 (citations omitted). In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996). See United States v. Garfinkle, 261 F.3d 1421, 1426 (10th Cir. 1996)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."). In an unpublished opinion, the Tenth Circuit stated that "the district court correctly held that [a petitioner] had waived [an] argument by failing to raise it before the magistrate." Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007)(unpublished).[1]

In One Parcel, the Tenth Circuit, in accord with the other United States Courts of Appeals, expanded the waiver rule to cover objections that are timely but too general. See One Parcel, 73 F.3d at 1060. The Supreme Court of the United States -- in the course of approving the United States Court of Appeals for the Sixth Circuit's use of the waiver rule -- has noted:

> It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other

---

[1] Pevehouse v. Scibana is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A), 28 U.S.C. ("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court finds that Pevehouse v. Scibana has persuasive value with respect to a material issue and will assist the Court in its disposition of this Memorandum Opinion and Order.

> standard, when neither party objects to those findings. The House and Senate Reports accompanying the 1976 amendments do not expressly consider what sort of review the district court should perform when no party objects to the magistrate's report. See S. Rep. No. 94-625, pp. 9-10 (1976)("Senate Report"); H.R. Rep. No. 94-1609, p. 11 (1976), U.S. Code Cong. & Admin. News 1976, p. 6162 ("House Report"). There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate. Moreover, the Subcommittee that drafted and held hearings on the 1976 amendments had before it the guidelines of the Administrative Office of the United States Courts concerning the efficient use of magistrates. Those guidelines recommended to the district courts that "[w]here a magistrate makes a finding or ruling on a motion or an issue, his determination should become that of the district court, unless specific objection is filed within a reasonable time." See Jurisdiction of United States Magistrates, Hearings on S. 1283 before the Subcommittee on Improvements in Judicial Machinery of the Senate Committee on the Judiciary, 94th Cong., 1st Sess., 24 (1975)(emphasis added)("Senate Hearings"). The Committee also heard Judge Metzner of the Southern District of New York, the chairman of a Judicial Conference Committee on the administration of the magistrate system, testify that he personally followed that practice. See Senate Hearings at 11 ("If any objections come in, . . . I review [the record] and decide it. If no objections come in, I merely sign the magistrate's order."). The Judicial Conference of the United States, which supported the de novo standard of review eventually incorporated in § 636(b)(1)(C)), opined that in most instances no party would object to the magistrate's recommendation, and the litigation would terminate with the judge's adoption of the magistrate's report. See Senate Hearings at 35, 37. Congress apparently assumed, therefore, that any party who was dissatisfied for any reason with the magistrate's report would file objections, and those objections would trigger district court review. There is no indication that Congress, in enacting § 636(b)(1)(C)), intended to require a district judge to review a magistrate's report to which no objections are filed. It did not preclude treating the failure to object as a procedural default, waiving the right to further consideration of any sort. We thus find nothing in the statute or the legislative history that convinces us that Congress intended to forbid a rule such as the one adopted by the Sixth Circuit.

Thomas v. Arn, 474 U.S. at 151-52 (footnotes omitted).

The Tenth Circuit also noted, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'" One Parcel, 73 F.3d at 1060 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and

recommendations." (citations omitted))). Cf. Thomas v. Arn, 474 U.S. at 154 (noting that, while "[a]ny party that desires plenary consideration by the Article III judge of any issue need only ask," a failure to object "does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard"). In One Parcel, the Tenth Circuit noted that the district judge had decided sua sponte to conduct a de novo review despite the lack of specificity in the objections, but the Tenth Circuit held that it would deem the issues waived on appeal because it would advance the interests underlying the waiver rule. See 73 F.3d at 1060-61 (citing cases from other circuits where district courts elected to address merits despite potential application of waiver rule, but circuit courts opted to enforce waiver rule).

Where a party files timely and specific objections to the magistrate judge's proposed findings and recommendation on "dispositive motions, the statute calls for a de novo determination, not a de novo hearing." United States v. Raddatz, 447 U.S. 667, 674 (1980). "[I]n providing for a 'de novo determination' rather than de novo hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." United States v. Raddatz, 447 U.S. at 676 (quoting 28 U.S.C. § 636(b))(citing Mathews v. Weber, 423 U.S. 261, 275 (1976)). The Tenth Circuit requires a "district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation" when conducting a de novo review of a party's timely, specific objections to the magistrate's report. In re Griego, 64 F.3d 580, 583-84 (10th Cir. 1995). "When objections are made to the magistrate's factual findings based on conflicting testimony or evidence . . . the district court must, at a minimum, listen to a tape recording or read a transcript of the evidentiary hearing." Gee v. Estes, 829 F.2d 1005, 1008-09 (10th Cir. 1987).

A district court must "clearly indicate that it is conducting a de novo determination" when a party objects to the magistrate's report "based upon conflicting evidence or testimony." Gee v. Estes, 829 F.2d at 1009. On the other hand, a district court fails to meet the requirements of 28 U.S.C. § 636(b)(1) when it indicates that it gave "considerable deference to the magistrate's order." Ocelot Oil Corp. v. Sparro Indus., 847 F.2d 1458, 1464 (10th Cir. 1988). A district court need not, however, "make any specific findings; the district court must merely conduct a de novo review of the record." Garcia v. City of Albuquerque, 232 F.3d 760, 766 (10th Cir. 2000). "[T]he district court is presumed to know that de novo review is required. Consequently, a brief order expressly stating the court conducted de novo review is sufficient." Northington v. Marin, 102 F.3d 1564, 1570 (10th Cir. 1996)(citing In re Griego, 64 F.3d at 583-84). "[E]xpress references to de novo review in its order must be taken to mean it properly considered the pertinent portions of the record, absent some clear indication otherwise." Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d 722, 724 (10th Cir. 1993). The Tenth Circuit has held that a district court properly conducted a de novo review of a party's evidentiary objections when the district court's "terse" order contained one sentence for each of the party's "substantive claims" and did "not mention his procedural challenges to the jurisdiction of the magistrate to hear the motion." Garcia v. City of Albuquerque, 232 F.3d at 766. The Tenth Circuit has explained that brief district court orders that "merely repeat[] the language of § 636(b)(1) to indicate its compliance" are sufficient to demonstrate that the district court conducted a de novo review:

> It is common practice among district judges in this circuit to make such a statement and adopt the magistrate judges' recommended dispositions when they find that magistrate judges have dealt with the issues fully and accurately and that they could add little of value to that analysis. We cannot interpret the district court's statement as establishing that it failed to perform the required de novo review.

- 6 -

In re Griego, 64 F.3d at 584.

Notably, because "Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations," United States v. Raddatz, 447 U.S. at 676 (emphasis omitted), a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate," 28 U.S.C. § 636(b)(1).  See Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d at 724-25 (holding that the district court's adoption of the magistrate judge's "particular reasonable-hour estimates" is consistent with the de novo determination that 28 U.S.C. § 636(b)(1) and United States v. Raddatz require).

Where no party objects to the Magistrate Judge's proposed findings and recommended disposition, the Court has, as a matter of course and in the interests of justice, reviewed the Magistrate Judge's recommendations.  In Pablo v. Soc. Sec. Admin., No. CIV 11-0132 JB/ACT, 2013 WL 1010401 (D.N.M. Feb. 27, 2013)(Browning, J.), the plaintiff failed to respond to the Magistrate Judge's proposed findings and recommended disposition, and thus waived his right to appeal the recommendations, but the Court nevertheless conducted a review.  See 2013 WL 1010401, at *1, *4.  The Court stated that it generally does not, however, "review the PF & RD de novo, because the parties have not objected thereto, but rather review[s] the recommendations to determine whether they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion."  Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *4.  The Court, when there are no objections, does not determine independently what it would do if the issues had come before the Court first, but rather adopts the proposed findings and recommended disposition where "'the Court cannot say that the Magistrate Judge's recommendation . . . is clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.'"  Pablo v. Soc. Sec. Admin., 2013 WL

1010401, at *3 (alterations omitted)(footnote omitted)(quoting Workheiser v. City of Clovis, No. CIV 12-0485 JB/GBW, 2012 WL 6846401, at *3 (D.N.M. Dec. 28, 2012)(Browning, J.)). See Alexandre v. Astrue, No. CIV 11-0384 JB/SMV, 2013 WL 1010439, at *4 (D.N.M. Feb. 27, 2013)(Browning, J.)("The Court rather reviewed the findings and recommendations . . . to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion. The Court determines that they are not, and will therefore adopt the PFRD."); Trujillo v. Soc. Sec. Admin., No. CIV 12-1125 JB/KBM, 2013 WL 1009050, at *5 (D.N.M. Feb. 28, 2013)(Browning, J.)(adopting the proposed findings and conclusions, and noting that "[t]he Court did not review the ARD de novo, because Trujillo has not objected to it, but rather reviewed the . . . findings and recommendation to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion, which they are not."). This review, which is deferential to the Magistrate Judge's work when there is no objection, nonetheless provides some review in the interest of justice, and seems more consistent with the waiver rule's intent than no review at all or a full-fledged de novo review. Accordingly, the Court considers this standard of review appropriate. See Thomas v. Arn, 474 U.S. at 151 ("There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate."). The Court is reluctant to have no review at all if its name is going at the bottom of the order or opinion adopting the Magistrate Judge's proposed findings and recommendations.

## ANALYSIS

In his Objections, Hernandez-Mejia insists that it was the duty of his trial counsel to advise him of the immigration consequences of his guilty plea, aside from any discussion of such consequences by the presiding judge. See Objections at 2. Indeed, Padilla v. Kentucky, 559

U.S. 356 (2010), squarely places the burden advising a defendant of immigration consequences upon the defendant's attorney rather than on the court, and Padilla v. Kentucky does not expressly relieve counsel of this duty even when a sentencing judge, as here, directly addresses these immigration consequences.

Nevertheless, under the circumstances, Hernandez-Mejia has not established that his attorney, Edward O. Bustamante, failed to advise him of the immigration consequences of his plea of guilty to the felony offense. To the contrary, the record demonstrates that Mr. Bustamante properly advised Hernandez-Mejia that he would be deported. In sentencing memoranda in 2008 and 2001, Mr. Bustamante represented to the Court that Hernandez-Mejia understood that he would almost certainly be deported. Further, he orally explained to the Court, in the presence of Hernandez-Mejia, who was listening with the services of a court-certified Spanish interpreter, that his client would likely be deported. Even ignoring the statements that the Court made to Hernandez-Mejia at sentencing concerning likely deportation, the Court agrees with the Judge Molzen's determination that Hernandez-Mejia's conclusory allegations, standing alone, do not overcome the presumption that Mr. Bustamante satisfied his obligation to render competent immigration consequence advice. See Belliard v. Jones, No. CIV 11-0553 M, 2012 WL 3518052 (W.D. Okla. July 18, 2012)(Purcell, M.J.).

Moreover, even if Hernandez-Mejia had established the objectively unreasonable performance of Mr. Bustamante, under Strickland v. Washington, 466 U.S. 668 (1984), he must also establish prejudice. In other words, he must show that, had Mr. Bustamante rendered effective assistance of counsel, properly advising him of the immigration consequences, he would have proceeded to trial rather than pleading guilty to the crimes charged. Under the prejudice prong, the Court's remarks and warnings to Hernandez-Mejia as to his likely

deportation are probative whether he would have taken a different course, opting to proceed to trial, had Mr. Bustamante properly advised him.  Yet the record demonstrates that, despite ample warnings by the Court and Mr. Bustamante that he was facing deportation and would likely live the balance of his post-release life in Mexico, Hernandez-Mejia decided to plead guilty to the charges against him.  At his change of plea hearing, Hernandez-Mejia explained that he was pleading guilty because he was going to be found guilty anyway, and, indeed, his prior experience supported such a conclusion.  Considering the circumstances surrounding Hernandez-Mejia's plea, which Judge Molzen outlined, the Court agrees that Hernandez-Mejia has failed to demonstrate that he would have insisted on going to trial had Mr. Bustamante only fulfilled his duties under Padilla v. Kentucky.  Accordingly, Hernandez-Mejia has failed to establish prejudice.

Next, Hernandez-Mejia contends that Plaintiff-Respondent United States of America "conceded" that an evidentiary hearing was required, because it did not obtain an affidavit from Mr. Bustamante on the issue of whether he advised Hernandez-Mejia of the immigration consequences of his guilty plea.  See Movant's Reply to Government Response Under 28 U.S.C. § 2255 at 2, filed October 24, 2014 (Doc. 10)("Reply").  The referenced footnote contains no such concession, however.  Instead, the United States noted a Formal Opinion of the American Bar Association, which expressed concerns about defense counsel disclosing information to government attorneys without client consent before a proceeding on a defendant's ineffective assistance of counsel claim.  See The United States' Response to Defendant's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 1) at 1 n.1, filed September 12, 2014 (Doc. 6)("Response").  The United States explained that, in compliance with this Opinion, it did not seek Mr. Bustamante's position on the motion or request an affidavit, but

advised that it "might call Mr. Bustamante as a witness if this matter proceeds to an evidentiary hearing." Response at 1 n.1. The United States did not state or imply that such a hearing was necessary. Judge Molzen determined that no evidentiary hearing was necessary, and the Court agrees.

Next, in his Objections, Hernandez-Mejia contends that Judge Molzen made "two contradictory claims" on page 2 and 5, and then on page 6, which "cancel each other out." Objections at 1. Having reviewed the PFRD, and particularly the referenced pages, the Court can identify no such contradictions. In these portions of the PFRD, Judge Molzen discusses instances of the record when Mr. Bustamante directly addressed the immigration consequences of Hernandez-Mejia's sentence, indicating that he would be deported following his sentence. While Mr. Bustamante expresses his "hope" that Hernandez-Mejia would not be deported, he also acknowledges the reality of the situation -- that Hernandez-Mejia would not likely escape deportation. First, Judge Molzen discussed the Sentencing Memorandum that Mr. Bustamante filed on November 7, 2011, in which he asked the Court to make a recommendation against deportation but at the same time acknowledged that, "absent a remarkable occurrence," Hernandez-Mejia would be deported. PFRD at 5. Second, Judge Molzen quotes Mr. Bustamante's verbal address to the Court on December 12, 2011, in which he explained that he hoped, for Hernandez-Mejia's sake, that he would not be deported, but also predicted that he would be deported. Although these statements by Mr. Bustamante do reflect a tension between counsel's preference and the likely outcome, they do not reflect contradictions in Judge Molzen's reasoning. Hernandez-Mejia's contention that Judge Molzen's "contradictory claims" require an evidentiary hearing lacks a sound basis in fact.

Hernandez-Mejia also suggests that Mr. Bustamante was ineffective because he did not advise him or the Court, at the time of his plea or sentencing, how proposed Amendment 782 to the Sentencing Guidelines would affect his sentence.  Hernandez-Mejia provides no legal support for the proposition that the failure to advise a client of the potential effects of a proposed but not-yet-enacted guideline amendment may rise to the level of ineffective assistance of counsel.  Further, guideline Amendment 782, which is now in effect, offers Hernandez-Mejia no practical relief, as it does not permit the release of any prisoner pursuant to its sentence reductions before November 1, 2015.  According to Hernandez-Mejia, he will have long been deported by November 1, 2015.  Simply put, it can hardly be objectively unreasonable for an attorney not to advise his client of a proposed guideline amendment that will have no practical effect on his client's sentence.  This new ineffective assistance claim grounded in the effect of proposed Amendment 782 fails.

Finally, Hernandez-Mejia appends to his Objections a response brief and Order Correcting Sentence in the matter of United States v. Alvin Wayne Quarles, No. CR 09-0015 R (W.D. Ky. 2014).  In the United States v. Alvin Wayne Quarles brief, the Government conceded that the defendant was entitled to be resentenced under Dorsey v. United States, 132 S. Ct. 2321 (2012), in which the Supreme Court determined that the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, applied retroactively.  The court, not surprisingly, granted the unopposed Motion to Correct Sentence.  United States v. Alvin Wayne Quarles, which addressed the retroactivity of the Fair Sentencing Act, is inapposite to the issues presently before the Court.

Having conducted a de novo review of the briefs, including Hernandez-Mejia's Reply, the PFRD, and Hernandez-Mejia's Objections, the Court adopts the PFRD and overrules Hernandez-Mejia's Objections.

**IT IS ORDERED** that: (i) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed October 21, 2014 (Doc. 9) is adopted; (ii) Defendant-Movant Eduardo Hernandez-Mejia's Motion for Expedited Ruling, filed August 15, 2014 (Doc. 2), is granted; and (iii) Hernandez-Mejia's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, filed August 15, 2014 (Doc. 1), is dismissed with prejudice. A rule 58 final judgment of dismissal will be entered concurrently herewith.

_____
UNITED STATES DISTRICT JUDGE

*Parties and counsel*:

Damon P. Martinez
  United States Attorney
Sean J. Sullivan
  Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

  *Attorneys for the Plaintiff-Respondent*

Eduardo Hernandez-Mejia
FCI Fort Dix
Fort Dix, New Jersey

  *Pro se Defendant-Movant*